UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ROBERT JONES
on behalf of himself and all
others similarly situated,

        Plaintiff,

v.

TOWER PALLET COMPANY, INC.,
a Domestic Corporation

        Defendant.

Case No. 17-cv-468

**CLASS AND COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. §216(b) AND FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Robert Jones, on behalf of himself and all other similarly situated current and former non-exempt Manufacturing employees of Defendant, Tower Pallet Company, Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant, Tower Pallet Company, Inc., is a De Pere, Wisconsin corporation that manufactures, delivers, and repairs pallets through the Midwest region of the United States.

3. Defendant operated an unlawful compensation system that deprived current and former non-exempt Manufacturing employees, including Plaintiff, of wages earned for all compensable work time, including overtime pay for each hour worked over forty (40) hours in a workweek. Specifically, Defendant's unlawful policies included:

   a) Failing to compensate its non-exempt Manufacturing employees with overtime compensation at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek; and

   b) Impermissibly shaving time from its non-exempt Manufacturing employees' timecards by deducting and/or failing to count at least thirty (30) minutes of compensable time per work day, which resulted in Plaintiff and all others similarly situated having approximately two (2) to three (3) hours of compensable time impermissibly deducted from their timecards every workweek.

4. Defendant's deliberate failure to properly compensate its employees for these hours worked violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et*

*seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

**PARTIES**

8. Defendant is a Wisconsin corporation with its principal place of business located at 5211 County Highway X, De Pere, Wisconsin 54115.

9. Defendant's registered agent for service of process in the State of Wisconsin is William J. Koltz, located at 5211 County Highway X, De Pere, Wisconsin 54115.

10. Defendant is owned and operated by William J. Koltz, Randy Koltz, and Thomas Tyczkowski, who individually and jointly: supervised Plaintiff's and all other Manufacturing employees' day-to-day activities; hired, terminated, promoted, demoted, and suspended Plaintiff and all other Manufacturing employees; reviewed Plaintiff's work performance and the work performance of all other Manufacturing employees; established the work rules, policies, and procedures by which Plaintiff and all other Manufacturing employees abided in the workplace; controlled the terms and conditions of Plaintiff's and all other Manufacturing employees' employment; established Plaintiff's and all other Manufacturing employees' work schedules and provided Plaintiff and all other Manufacturing employees with work assignments and hours of work; and set and administered the unlawful policies and pay practices as described in this Complaint.

11. For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

12. For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff is "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

13. Plaintiff, Robert Jones, is an adult male resident of the State of Wisconsin who resides in Gillett, Wisconsin. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) has been contemporaneously filed with the filing of this Complaint.

14. Plaintiff has worked as a non-exempt, hourly Manufacturing employee in the position of Machine Operator at Defendant within the last three years from the date of filing of this Complaint.

15. Plaintiff brings this action on behalf of himself and all other similarly situated employees of Defendant. Plaintiff performed similar job duties as other non-exempt Manufacturing employees employed by Defendant and who were subjected to Defendant's same unlawful policies and practices as enumerated herein.

16. Plaintiff and all other Manufacturing employees on whose behalf he brings this Complaint performed compensable work at a physical location in De Pere, Wisconsin owned and operated by Defendant.

## GENERAL ALLEGATIONS

17. In approximately August 2008, Plaintiff began working as a non-exempt Manufacturing employee at Defendant.

18. During the entirety of his employment with Defendant, Plaintiff was employed by and performed compensable work at Defendant in the position of Machine Operator.

19. On or about February 23, 2017, Plaintiff's employment with Defendant ended.

20. Plaintiff worked for Defendant as a non-exempt, hourly-paid Machine Operator at Defendant's De Pere, Wisconsin location within the three years preceding the filing of this Complaint.

21. Non-exempt Manufacturing employees of Defendant are employed in various related positions – including but not limited to Laborer, Machine Operator, Forklift Driver, Maintenance, Supervisor, and Manager – as a part of Defendant's pallet manufacturing process at its De Pere, Wisconsin location.

22. On a daily basis, Plaintiff worked alongside other non-exempt Manufacturing employees of Defendant performing manual labor as a part of Defendant's pallet manufacturing process at its De Pere, Wisconsin location.

23. Defendant's policies operated to deprive Plaintiff and all other similarly situated non-exempt Manufacturing employees of overtime compensation due to them.

24. During weeks when no overtime was due, if ever, Defendant suffered or permitted Plaintiff and all other non-exempt Manufacturing employees to work without being lawfully compensated for each hour worked.

25. Defendant compensated its non-exempt Manufacturing employees, including Plaintiff, via paycheck on a weekly basis.

26. Defendant's workweek was Sunday to Saturday.

27. Defendant's policy in practice did not compensate its non-exempt Manufacturing employees, including Plaintiff, with overtime compensation at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek. Instead, Defendant's policy in practice was to compensate its non-exempt Manufacturing employees,

including Plaintiff, with compensation at their regular hourly rate of pay for all hours worked in a workweek, including any and all hours worked in excess of forty (40) in a workweek.

28. Defendant's non-exempt Manufacturing employees, including Plaintiff, worked First Shift and/or Second Shift (collectively, "Shifts"). First Shift totals approximately ten (10) hours, from 5:00 a.m. to 3:00 p.m., and Second Shift totals approximately twelve (12) hours, from 2:00 p.m. to 2:00 a.m.

29. Defendant's its non-exempt Manufacturing employees, including Plaintiff, customarily worked First Shift and/or Second Shift from Mondays through Fridays and occasionally on Saturdays and/or Sundays.

30. During his employment with Defendant, Plaintiff customarily and primarily worked on First Shift, Mondays through Fridays.

31. Defendant required Plaintiff and all other non-exempt Manufacturing employees to record time worked at the start and at the end of First Shift and Second Shift by manually "clocking in" and "clocking out" via physical timecards. These timecards recorded Plaintiff and all other non-exempt Manufacturing employees' actual hours worked – time "clocked in" and "clocked out" while at work at Defendant.

32. Plaintiff was subject to the same timekeeping policies as all other non-exempt Manufacturing employees working at Defendant.

33. Immediately after "clocking in" at the beginning of each shift, Plaintiff performed compensable work.

34. Immediately prior to "clocking out" at the end of each shift, Plaintiff performed compensable work.

35. Despite having a detailed record of time actually worked by Plaintiff and all other non-exempt Manufacturing employees – the time "clocked in" and "clocked out" while at work – Defendant did not compensate Plaintiff and all other non-exempt Manufacturing employees for all hours actually worked.

36. Defendant's policy in practice was to have Plaintiff and all other non-exempt Manufacturing employees take two separate fifteen (15) minute breaks during their Shifts. On First Shift, the first fifteen (15) minute break occurred at approximately 7:00 a.m. and the second fifteen (15) minute break occurred between approximately 11:00 a.m. and 12:00 p.m.

37. Defendant's policy in practice did not provide Plaintiff and all other non-exempt Manufacturing employees with at least thirty (30) consecutive minutes free from work.

38. Plaintiff and all other non-exempt Manufacturing employees did not "clock out" and "clock back in" when taking these two separate fifteen (15) minute breaks during First Shift or Second Shift.

39. Plaintiff and all other non-exempt Manufacturing employees did not leave Defendant's premises when taking these two separate fifteen (15) minute breaks during First Shift or Second Shift.

40. At Defendant, Plaintiff and all other non-exempt Manufacturing employees who worked either First Shift or Second Shift customarily or normally worked approximately forty (40) to sixty (60) hours per workweek.

41. Defendant's policy in practice was to treat and/or consider the two separate fifteen (15) minute breaks during First Shift and Second Shift as unpaid, non-compensable time.

42. Defendant's policy in practice was to shave time from its non-exempt Manufacturing employees' timecards by deducting at least thirty (30) minutes of compensable

time per work day, which resulted in Plaintiff and all others similarly situated having approximately two (2) to three (3) hours of compensable time impermissibly shaved or deducted from their timecards every workweek.

43. Defendant's timecard collection and compensation practice was as follows: (1) Thomas Tyczkowski collected Plaintiff's and all other non-exempt Manufacturing employees' timecards each workweek; (2) Tyczkowski gave Plaintiff's and all other non-exempt Manufacturing employees' timecards to Defendant's office employees, who adjusted Plaintiff's and all other non-exempt Manufacturing employees' timecards by reducing their actual hours worked by a total of thirty (30) minutes per work day during the workweek; and (3) Defendant sent Plaintiff's and all other non-exempt Manufacturing employees' revised timecards to Defendant's third-party payroll company, who compensated Plaintiff and all other non-exempt Manufacturing employees via check each week.

44. Defendant's time-shaving failed to compensate Plaintiff and all other non-exempt Manufacturing employees for all hours worked each workweek.

45. Defendant's time-shaving failed to compensate Plaintiff and all other non-exempt Manufacturing employees for approximately two (2) to three (3) hours of compensable work each workweek.

46. Defendant's unlawful pay practices as described in this Complaint resulted in Defendant failing to compensate Plaintiff and all other non-exempt Manufacturing employees for all compensable work performed during every workweek, including at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

47. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective Class**: All individuals who are or have been employed by Defendant as non-exempt Manufacturing employees – including but not limited to the positions of Laborer, Machine Operator, Forklift Driver, Maintenance, Supervisor, and Manager – within the three years prior to this action's filing date and who have not been compensated at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek – either as a result of Defendant's impermissible time shaving and/or Defendant's failure to compensate these employees at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

48. Defendant, as a matter of policy and practice, did not compensate its employees for all hours of compensable work performed by the FLSA Collective Class during a workweek. These practices resulted in Plaintiff and the FLSA Collective Class being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

49. Defendant suffered or permitted Plaintiff and the FLSA Collective Class to perform work during the workweek without proper compensation for all hours of work. The effect of such a practice was for Defendant to deny the FLSA Collective Class their agreed upon wage, including overtime compensation at one and one-half times the regular rate, for the hours worked that were not counted as work.

50. The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective Class.

51. The FLSA Collective Class claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

52. Upon information and belief, Plaintiff and the FLSA Collective Class are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective Class.

53. Plaintiff and the FLSA Collective Class seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all hours worked including overtime compensation.

54. The FLSA Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Class via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

55. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective Class.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

56. Plaintiff brings this action on behalf of himself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **Wisconsin Class**: All individuals who are or have been employed by Defendant as non-exempt Manufacturing employees – including but not limited to the positions of Laborer, Machine Operator, Forklift Driver, Maintenance, Supervisor, and Manager – within the two years prior to this action's filing date and who have not been compensated for all hours of work at his or her agreed upon rate of pay, including at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek – either as a result of Defendant's impermissible time shaving and/or Defendant's failure to compensate these employees at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

57. The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each Wisconsin Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

58. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are approximately seventy-five (75) to one hundred and fifty (150) members of the Wisconsin Class.

59. Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be

sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

60. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

62. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a

significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

63. Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

64. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following:

    a) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law;

    b) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendant's benefit without being properly compensated;

    c) Whether Defendant failed to pay the Wisconsin Class for all work Defendant suffered or permitted them to perform by use of illegal time shaving; and

13

d) The nature and extent of class-wide injury and the measure of damages for the injury.

   65. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiff on behalf of himself and the FLSA Collective Class)**

   66. Plaintiff, on behalf of himself and the FLSA Collective Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

   67. At all times material herein, Plaintiff and the FLSA Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

   68. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective Class as provided under the FLSA.

   69. At all times material herein, Plaintiff and the FLSA Collective class were employees of Defendant as provided under the FLSA.

   70. Plaintiff and the FLSA Collective Class are victims of uniform and facility-wide compensation policy and practice in violation of the FLSA.

   71. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective Class for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

   72. Defendant suffered or permitted Plaintiff and the FLSA Collective Class to perform work without being properly or lawfully compensated for each hour worked. The effect of such a practice was for Defendant to deny Plaintiff and the FLSA Collective Class their

agreed upon wage for the hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) in a workweek.

73. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

74. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

75. Defendant's failure to properly compensate Plaintiff and the FLSA Collective Class and failure to properly record all compensable work time was willfully perpetrated. Further, Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

76. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective Class for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

77. Plaintiff and the FLSA Collective Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this

Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

78. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of WWPCL – Unpaid Overtime
**(Plaintiff on behalf of himself and the Wisconsin Class)**

79. Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

80. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 109.01(1r).

81. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 103.001(5).

82. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. § 104.01(2)(a).

83. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 109.01(2).

84. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 103.001(6).

85. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. § 104.01(3)(a).

86. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Admin. Code § DWD 272.01(5).

87. At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

88. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her principal activities without receiving compensation for these activities.

89. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

90. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

91. Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a week, in violation of Wisconsin Wage Payment Laws.

92. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

93. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

### THIRD CLAIM FOR RELIEF
### WWPCL - Failure To Pay Agreed Upon Wage
### (Plaintiff on behalf of himself and the Wisconsin Class)

94. Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

95. Plaintiff and the Wisconsin Class have been entitled payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Plaintiff and the Wisconsin Class pursuant to Wis. Stat. § 109.03.

96. Defendant violated the WWPCL by failing to properly compensate Plaintiff and the Wisconsin Class for each hour worked by Plaintiff and the Wisconsin Class through the impermissible time shaving policies described above.

97. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff, on behalf of himself and the Wisconsin Class, seeks damages in the amount of Plaintiff and the Wisconsin Class members' respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

98. Plaintiff, on behalf of himself and the Wisconsin Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to Wisconsin Wage Payment Laws.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly Manufacturing employees informing them of this action and their rights to participate in this action and including such future employees who may commence employment during the pendency of this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current, future, and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Manufacturing employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Manufacturing employees damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Manufacturing employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated Manufacturing employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated Manufacturing employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 31st day of March, 2017.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Scott S. Luzi* _____**
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Jesse R. Dill, State Bar No. 1061704

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
jdill@walcheskeluzi.com