UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ROBERT JONES
on behalf of himself and all
others similarly situated,

    Plaintiff,

    v.                                         Case No. 17-CV-468

TOWER PALLET COMPANY, INC.,

    Defendant.

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES AND COSTS

On January 4, 2018 at 10:00 a.m., the Court conducted a Fairness Hearing on the parties' request for final approval of the agreement to settle this lawsuit previously filed and identified in the record as ECF No. 20-1 (the "Settlement"). Appearing for Plaintiffs was Class Counsel, Walcheske & Luzi, LLC, by James A. Walcheske. Appearing for Defendant was Conway, Olejniczak & Jerry S.C. by Kurt A. Goehre. Plaintiffs and Defendant are referred to collectively in this order as "the parties."

Counsel for the parties advised the Court as to the nature and extent of the dispute between the parties and no objections were raised. Having carefully considered the parties' Settlement, Class Counsel's motion for attorneys' fees and costs, the evidence and argument received by the Court at the Fairness Hearing, and based upon the entire file in this matter, by means of this Order the Court grants final approval of the Settlement, and hereby orders and makes determinations as follows:

1. This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this action and released in the Settlement, and personal jurisdiction over Defendants and all class members. Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state-law claims asserted by Plaintiffs because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction.

2. This Order adopts all defined terms set forth in the Settlement except as otherwise specified herein.

3. Pursuant to the Order Granting the Joint Motion for Preliminary Approval of Class Action Settlement and Joint Stipulation for Certification of A Rule 23 Class and Collective Action, identified in the record as ECF No. 22 ("Preliminary Approval Order"), a Notice of Settlement and Claim Form were sent to the Class Members. These papers informed Class Members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Fairness Hearing on January 4, 2018. The Notice was provided with ample time for the Class Members to follow these procedures, the notice procedures afforded adequate protections to Class Members, and the Notice satisfied requirements of law and due process including, but not limited to, requirements of Fed. R. Civ. P. 23, the FLSA, the United States Constitution and any other applicable law.

4. The Settlement classes set forth in the Settlement are certified.

5. The Court finds and determines that (a) the Settlement reached by the parties

constitutes a fair, reasonable and adequate resolution of a bona fide dispute between Defendant and all affected current and former employees of Defendant on whose behalf Plaintiff brought this matter; (b) 33 class members, including the named plaintiff, have submitted fully executed Claim Forms and shall receive a portion of the settlement proceeds as set forth in ECF No. 32; (c) 2 class members have opted out of the Settlement as set forth in ECF Nos. 24 and 25; and (d) no class members have objected to the Settlement.

6. The Settlement is finally approved and all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the defenses, risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the Settlement classes and Defendant, after thorough factual and legal investigation.

7. As set forth in the Settlement and Preliminary Approval Order, the Court finds and holds that all members of the Settlement class who have either: (a) sent a timely Claim Form; or (b) failed to send a timely Claim Form or a written request to opt out are hereby deemed to have waived and released, to the fullest extent of applicable law, as to Defendant and/or the Released Parties, from any and all past and present wage-related disputes, matters, claims, demands, and causes of action, of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law related to any wage related disputes (including related retaliation claims) and claims including but not limited to those arising for or related to any claims arising under the FLSA, 29 U.S.C. §201, et. seq., Wisconsin Hours of Labor Laws, Wis. Stat. §§103.01 et. seq., Wisconsin Minimum Wage Law, Wis. Stat. Chap. 104, Wisconsin Hours

of Work and Overtime Rules, Wis. Admin. Code, §§DWD 272.01 et seq. and 274.01 et seq., The Wisconsin Wage Deduction Statute, Wis. Stat. §103.455, The Wisconsin Wage Payments, Claims and Collections Law, Wis. Stat. Chap. 109 ("Wisconsin's Wage Payment and Collection Laws"), and common law claims of conversion and/or breach of contract for wages which any such Class Member or Class Representative has or might have, known or unknown, of any kind whatsoever as of and up to the date of this Agreement (the "Wage Classes Released Claims").

8. The Court finds that the parties have entered into the Settlement solely for the purpose of comprising and settling disputed claims and that Defendant in no way admits any violation of law or any liability whatsoever to the Plaintiff or Class Members. This Order is not a finding of the validity of any claims in the lawsuit or of any wrongdoing by Defendant. This Order, the Settlement and exhibits thereto, the Preliminary Approval Order, Named Plaintiff or Class Member Claim Forms, and any other papers and records on file in this lawsuit may be filed in this Court or in any other litigation as evidence of the settlement by Defendants to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the released claims.

9. As set forth in Class Counsel's supporting brief and declarations, the requested award of attorneys' fees and costs is consistent with the rate of other attorneys in the community and approved rates in similar matters before the Court. The Court finds that the attorney fee amount and the costs requested to be reasonable and fair compensation for counsel given the risk and extent of work in representing the class and the result they attained.

10. Without affecting the finality of the Court's Order in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement.

11. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided in this Order approving Class Counsel's fee and cost request.

**SO ORDERED** this 5th day of January, 2018.

                                        BY THE COURT:

                                        s/ William C. Griesbach
                                        William C. Griesbach, Chief Judge
                                        United States District Court